FILED ✓   LODGED
RECEIVED ___ COPY ✓
SEP 22 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
RAYMOND K. WOO
Arizona State Bar No. 023050
JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
raymond.woo@usdoj.gov
James.knapp2@usdoj.gov
Attorneys for Plaintiff

**REDACTED FOR PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Austin Ryan Steinbart,<br><br>Defendant. | No. CR-20-0485-PHX-DWL (JZB)<br><br>**INDICTMENT**<br><br>VIO: 18 U.S.C. §§ 1343 & 1349<br>(Wire Fraud)<br>Counts 1-3<br><br>18 U.S.C. § 875(d)<br>(Interstate Communications with Intent to Extort)<br>Count 4<br><br>18 U.S.C. § 1028(a)(7)<br>(Identity Theft)<br>Counts 5-7<br><br>18 U.S.C. §§ 981 & 982,<br>21 U.S.C. §§ 853 & 881, and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. Defendant AUSTIN RYAN STEINBART was a resident of Chandler, Arizona, who hosted a YouTube channel. STEINBART's YouTube channel had more than 10,000 subscribers.

*Disclosure of sensitive medical records – Victim Company A*

2. On March 13, 2020, STEINBART posted a video to his YouTube channel claiming he hacked "famous peoples' medical records." In the video, STEINBART—while visiting a Los Angeles, California, medical facility (Victim Company A)—recorded his unauthorized access of the facility's computer directory titled "Patient Archive" and exhibited sensitive medical information and personally identifiable information relating to the facility's patients.

3. Victim Company A learned of the video and contacted STEINBART, asking that he remove the video. STEINBART refused. In response to a March 17, 2020, e-mail from an attorney for the facility, STEINBART threatened to leak additional sensitive information:

> And you will DIRECT ALL FURTHER CORRESPONDENCE TO ME EXCLUSIVELY if you'd like things to remain CORDIAL between us.
>
> Be advised: you have NO IDEA what patient data I possess, or what my next move is. All you know for certain is that I have thousands of highly engaged followers ready to propagate my leaks FAR AND WIDE across the global internet, at a moments notice. So it would be PRUDENT to heed this FIRST AND FINAL WARNING.

4. On March 19, 2020, FBI agents contacted STEINBART at his home, requesting that he remove the video containing sensitive information. Again, STEINBART refused.

*Threats to "blockade" a cloud storage business – Victim Company B*

5. On March 21, 2020—just two days after the visit by FBI agents—STEINBART posted another video to his YouTube channel, this time threatening to "degrade and destroy" the operations of a data security and backup services company headquartered in Norwalk, Connecticut (Victim Company B). STEINBART was a user of Company B's services, but the company suspended STEINBART's account because some of STEINBART's stored content violated their terms of service, contained sensitive third-party information, and infringed another company's copyright. In response, STEINBART directed his YouTube subscribers to flood Victim Company B's tech support line with

fictitious emails. STEINBART said that if Victim Company B failed to reinstate his access and restore his account, he and his YouTube subscribers would "start flooding their phone lines and their billing email system as well, choking off more and more their ability to operate their business every day until they either give us our files back or go out of business, their choice."

6. In the description portion of the March 21, 2020, YouTube video, STEINBART provided instructions on where to send emails and the specific false statements to use:

> Please COPY and SEND the message below to Support@[Victim Company B].com [and if that goes down, send to [Victim Company B's] other support email - support@[Victim Company B sub company].com]
>
> [Victim Company B] BE ADVISED:
>
> YOU ARE IMPEDING A LIVE MILITARY INTELLIGENCE OPERATION BEING CONDUCTED BY THE DEFENSE INTELLIGENCE AGENCY.
>
> REINSTATE AUSTIN STEINBART'S ACCESS TO THE AMORPHOUS ARCHIVE IMMEDIATELY, OR YOU WILL BE BRIGADED AND BLOCKADED UNTIL FURTHER NOTICE.

7. STEINBART's claim to be acting on behalf of the Defense Intelligence Agency (DIA) for a "live military intelligence operation" is false; STEINBART is not associated with the DIA in any capacity.

8. Victim Company B received thousands of fictitious support requests after STEINBART posted his March 21, 2020, YouTube video.

9. Two days later, STEINBART posted a video on his YouTube channel to provide additional instructions. In the video, STEINBART said Victim Company B "crafted a successful defense against our flooding attack this weekend." He directed his subscribers and others to send fictitious requests to other email addresses at Victim Company B. He also directed his subscribers and others to call Victim Company B's emergency technical support line to overwhelm its phone lines.

10. In the description portion of the March 23, 2020, YouTube video, STEINBART provided new instructions for fictitious emails:

> NEW EMAIL TEMPLATE FOR COMPANY B BLOCKADE
>
> ----------------------------------------------------------------
>
> Subject: NEED HELP WITH _____
>
> I am writing from _____Corporation. Having some MAJOR issues with the _____ that's connected into the _____.
>
> THIS IS AN ABSOLUTE EMERGENCY SO PLEASE HELP ME FIX IT SOON AS POSSIBLE!!!
>
> ----------------------------------------------------------------
>
> Send your CUSTOM MESSAGE in an EMAIL to:
>
> support@[Victim Company B].com
> sales@[Victim Company B B].com
> billing@[Victim Company B].com
> partners@[Victim Company B].com
> legal@[Victim Company B].com
> contact@[Victim Company B].com

11.  Victim Company B received hundreds of fictitious emails and phone calls requesting emergency support after STEINBART posted his March 23, 2020, YouTube video.

12.  The same day, STEINBART threatened Victim Company B's CEO in a Twitter post, again falsely claiming to be a DIA agent:

> My name is Austin Steinbart. I am running a military intelligence operation for the Defense Intelligence Agency called Operation QAnon.
>
> YOU ARE IMPEDING MY OPERATION, AND THREATENING OUR NATIONAL SECURITY WITH YOUR UNCONSTITUTIONAL CENSORSHIP
>
> Reinstate my "Amorphous Archive" IMMEDIATELY or [Victim Company B] will be targeted until further notice!
>
> And if I DON'T have my archive back – in the next (10) days, there is a VERY good chance I will send some PSYCHOS to come see you in person!!

**COUNTS ONE THROUGH THREE**
**WIRE FRAUD**
**(18 U.S.C. §§ 1343 and 1349)**

13.  The factual allegations above are re-alleged and incorporated as if fully set forth here.

14. Beginning at a time unknown to the Grand Jury but at least as early as March 21, 2020, and continuing until March 31, 2020, in the District of Arizona and elsewhere, STEINBART did devise and intend to devise a scheme to defraud that sought to obtain property by means of materially false and fraudulent pretenses, representations, promises, and material omissions. As part of the scheme, STEINBART falsely claimed to be running a "live military intelligence operation" on behalf of the DIA, and STEINBART directed others to submit fictitious requests to Victim Company B's email systems and to repeatedly call Victim Company B's emergency support line to overwhelm its phone lines, all in an attempt to compel Victim Company B to reinstate STEINBART's access to data stored at Victim Company B—including third-party data—and to restore STEINBART's account despite the terms-of-service violation.

15. On or about each of the dates listed below, in the District of Arizona and elsewhere and for the purpose of executing and attempting to execute the scheme described above, STEINBART caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| Count | Date | Description of Transmission |
|---|---|---|
| 1 | 3/21/2020 | STEINBART's YouTube video post on degrading and destroying Victim Company B's ability to support its customers |
| 2 | 3/23/2020 | STEINBART's YouTube video post on making phone calls and sending fictitious emails to other email systems at Victim Company B |
| 3 | 3/23/2020 | STEINBART's Twitter post falsely claiming that he was running an operation for the DIA, and that Victim Company B was impeding the operation and threatening national security |

All in violation of 18 U.S.C. §§ 1343 and 1349.

**COUNT FOUR**
**INTERSTATE COMMUNICATIONS WITH INTENT TO EXTORT**
**(18 U.S.C. § 875(d))**

16. The factual allegations above are re-alleged and incorporated as if fully set

forth here.

17. On or about March 21 through 23, 2020, in the District of Arizona and elsewhere, STEINBART, with intent to extort a thing of value from Victim Company B, transmitted in interstate and foreign commerce a communication containing a threat to injure the property and reputation of Victim Company B.

All in violation of 18 U.S.C. § 875(d).

## COUNTS FIVE THROUGH SEVEN
## IDENTITY THEFT
## (18 U.S.C. § 1028(a)(7))

18. The factual allegations above are re-alleged and incorporated as if fully set forth here.

19. On or about January 15, 2020, through March 31, 2020, in the District of Arizona and elsewhere, STEINBART did knowingly transfer, possess, and use, in and affecting interstate and foreign commerce, without lawful authority, the means of identification of other persons as described below, knowing the means of identification belonged to actual persons. STEINBART knowingly transferred, possessed, and used the means of identification with the intent to commit and in connection with any unlawful activity that constitutes a violation of federal law, to wit: obtaining information from a protected computer in violation of 18 U.S.C. § 1030(a)(2) and aiding and abetting the wrongful disclosure of individually identifiable health information in violation of 42 U.S.C. § 1320d-6(a)(3) and 18 U.S.C. § 2.

| Count | Victim | Means of Identification |
|---|---|---|
| 5 | Patient 1 | Name and age |
| 6 | Patient 2 | Name and date of birth |
| 7 | Patient 3 | Name and date of birth |

All in violation of 18 U.S.C. § 1028(a)(7).

## FORFEITURE ALLEGATION
## (18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c))

20. The factual allegations above are re-alleged and incorporated as if fully set forth here.

21. Pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts One through Seven of this Indictment, STEINBART shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

22. If any of the forfeitable property, as a result of any act or omission of the defendant:
- a. cannot be located upon the exercise of due diligence,
- b. has been transferred or sold to, or deposited with, a third party,
- c. has been placed beyond the jurisdiction of the court,
- d. has been substantially diminished in value, or
- e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 981 and 982, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: September 22, 2020

MICHAEL BAILEY
United States Attorney
District of Arizona

/S/
RAYMOND K. WOO
JAMES R. KNAPP
Assistant U.S. Attorneys