**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Austin Ryan Steinbart,<br><br>　　　　　　Defendant. | No.  CR-20-00485-01-PHX-SPL<br><br>**ORDER** |

The Court raises *sua sponte* the issue of continuing the trial in the interest of justice in accordance with 18 U.S.C. § 3161(h)(7)(A) following a status conference held November 2, 2020. Defendant Austin Ryan Steinbart has objected on the record to the continuance. For the reasons that follow, the Court has found the continuance of the trial until February 16, 2021 best achieves the ends of justice.

**I.     BACKGROUND**

Defendant was indicted on September 22, 2020 on three counts of wire fraud, one count of interstate communications with intent to extort, and one count of identity theft. (Doc. 63) Defendant's trial was set for November 16, 2020. On October 19, 2020, Defendant filed a Motion for Faretta Hearing and Notice of Assertion of Right to Self-Representation. (Doc. 82) The Faretta hearing was held on October 26, 2020. Defendant's attorneys were withdrawn and Defendant now represents himself with the help of appointed standby counsel James Paul Buesing. On November 1, 2020, Defendant filed a Motion to Modify Conditions of Release Due to Change of Circumstances. (Doc. 108) A

status conference was held on November 2, 2020, in which the Court heard Defendant's concerns regarding his ability to represent himself while in custody. Finally, there are several Motions pending in the case at this time. (Docs. 78, 97, 109, 110, 111, 112)

## II. LEGAL STANDARD

18 U.S.C. § 3161 sets forth the time limits and exclusions to the right to a speedy trial. A criminal defendant's Sixth Amendment right to a speedy trial is violated if the trial occurs more than 70 days following the indictment. 18 U.S.C. § 3161(c)(1). The 70-day period does not include periods of delay resulting from other proceedings concerning the defendant, including periods during which another proceeding or motion is under advisement before the court. 18 U.S.C. § 3161(h)(1)(H). Each period of delay under § 3161(h)(1)(H) is not to exceed 30 days. *Id.* Furthermore, if the judge, on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, finds that the "ends of justice" served by continuing the trial outweigh the best interest of the public and the defendant in a speedy trial, the trial may be continued and the 70-day period may be exceeded. 18 U.S.C. § 3161(h)(7)(A).

## III. DISCUSSION

As previously stated, Defendant was indicted on September 22, 2020. The 70-day speedy trial period runs on December 1, 2020.[1] The trial is set for February 16, 2021, which is 78 days after the speedy trial deadline. However, there will be exclusions from this time period for the pending motions before the Court. 18 U.S.C. § 3161(h). The Court also may, on its own motion, continue the trial to meet the ends of justice if it finds that outweighs the public interest and the right of Defendant to a speedy trial. *Id.*

### A. Pending Motions

Time spent resolving pending motions concerning Defendant is excludable from the 70-day period. 18 U.S.C. § 3161(h)(1)(H). There are currently six motions pending before the Court; two filed by the Government (Docs. 97, 110), four filed by Defendant. (Docs.

---

[1] The 70-day period is calculated in accordance with Fed. R. Crim. P. 45(a).

78, 109, 111, 112) The Court also spent time resolving Defendant's Motion to Modify Conditions of Release Due to Change of Circumstances that was filed November 1, 2020. (Doc. 108) The Court still has before it the following pending motions: Motion to Suppress Fruits of Unconstitutional Search Under Fourth Amendment (Doc. 78); Motion to Dismiss Forfeiture Allegation (Doc. 97); Motion to Exclude Evidence Due to Late Disclosure (Doc. 109); Motion in *Limine* for Pretrial Determination of Admissibility (Doc. 110); Motion to Exclude Due to Late Disclosure: Governments Notice of Expert Testimony (Doc. 111); and Motion to Exclude Evidence Due to Late Disclosure: Government's Notice of Confessions, Admissions, and Statements. (Doc. 112) Defendants may not contest that their right to a speedy trial was violated during time spent resolving motions they themselves filed. *See* 18 U.S.C. § 3161(h)(1)(F). Until the pending motions are resolved, it is clear there will be some period of delay excluded from the 70-day speedy trial period.

### B. Ends of justice

Regardless of the exclusionary period for the pending motions, there will also be a period of exclusion for the ends of justice. These periods of exclusion for the ends of justice are to be calculated based on specific factual circumstances. *United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984). The factors to be considered by the Court that are relevant in this case are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government

>the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C.A. § 3161(h)(7)(B). Here, Defendant filed a Motion to Modify Conditions of Release Due to Change of Circumstances on the grounds that he could not adequately represent himself under his current conditions. (Doc. 108 at 2) Defendant argued in the Motion that he is (1) unable to currently access the law library and a computer due to high wait times, (2) that he cannot quarantine in confinement because he would be unable to access the law library during that time, (3) it is difficult to prepare a defense while in lockdown, and (4) quarantine would prevent him from preparing an adequate defense.[2] (Doc. 108 at 2–3) Defendant further argued at the status hearing on November 2, 2020 that he was unable to properly file his own motions, review discovery, and communicate with the Court and the U.S. Attorney's office without a computer. (Tr. at 84:5–9) Defendant requested access to a laptop or release from custody. (Tr. at 84:9–11, 99 at 1–19) He also claimed the monitoring of his computer once he had access would be detrimental to his defense. (Tr. at 99:6–8) The Court denied on the record Defendant's Motion to Modify Conditions of Release because Defendant has previously violated his conditions of release and has shown he is unlikely to abide by conditions of release. (Tr. at 94–95) Examining the factors listed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the situation in the instant case falls into subsection (iv) due to the constraints on Defendant's access to resources and the fact that he is representing himself. Defendant clearly needs further time to prepare his defense.

To meet the ends of justice, the Court must continue the trial. Defendant cannot be released from custody. Defendant had previously been granted release and subsequently violated the conditions of that release, resulting in his return to custody. (Docs. 26, 61) Defendant cannot be given unfettered access to a computer due to the nature of his charges. He must follow the normal channels of computer and law library access, and the ongoing

---

[2] Defendant's arguments relating purely to his desire for release and not to his ability to defend himself are excluded from this discussion.

4

COVID-19 pandemic has undoubtedly affected access to these resources while in custody and impacted wait times. The Court agrees with Defendant that there is no way he will be able to prepare an adequate defense by November 16, 2020 as things currently stand. Thus, the Court must give Defendant adequate time to prepare himself for trial. The delay to promote the ends of justice is excluded from the speedy trial period under 18 USC § 3161(h)(7)(B)(iv).

**THE COURT FINDS** that the ends of justice are best served by ordering a continuance of this matter and that the best interests of the public and the Defendant outweigh the Defendant's right to a speedy trial, pursuant to 18 U.S.C. 3161 § (h)(7)(A).

**IT IS ORDERED** continuing the trial from 11/16/2020 to **2/16/2021 at 9:00 a.m.** The Final Pretrial Conference is reset for **2/1/2021 at 9:30 a.m.** The pretrial motion deadline is extended to **1/6/2021**.

**IT IS FURTHER ORDERED** that if any subpoenas were previously issued and served in this matter, that they remain in effect and are answerable at the new trial date and the party who served the subpoena should advise the witnesses of the trial date.

The Court finds excludable delay under 18 U.S.C. § 3161(h)(7)(A) from 11/17/2020 to 2/16/2021.

Dated this 3rd day of November, 2020.

Honorable Steven P. Logan
United States District Judge