PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

RAYMOND K. WOO
Arizona State Bar No. 023050
E-mail: Raymond.woo@usdoj.gov
JAMES R. KNAPP
Arizona State Bar No. 021166
E-mail: james.knapp2@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Austin Ryan Steinbart,<br><br>Defendant. | No. CR-20-0485-PHX-SPL<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States requests that the Court accept the proposed plea agreement and sentence Defendant Austin Steinbart to time served, followed by one year of supervised release. As explained below, a sentence of time served is consistent with the anticipated advisory guideline range (0-6 months) and supported by the relevant 18 U.S.C. § 3553 sentencing factors. If the Court accepts the plea agreement, the United States recommends that the Court waive the presentence investigation report and impose sentence on the day of the change-of-plea hearing. This Memorandum is provided for the Court to "meaningfully exercise its sentencing authority under 18 U.S.C. § 3553" in the absence of a presentence investigation report, in accordance with Fed. R. Crim. Proc. 32(c)(1)(A)(ii).

**I.   Background**

Defendant Austin Steinbart is a longtime Arizona resident and IT contractor with

no prior criminal convictions. As alleged in the Indictment and discussed in numerous pretrial motions, Steinbart engaged in a bizarre series of criminal acts that involved the disclosure of sensitive medical information, extortionate threats, and false statements. (*See, e.g.,* CR 3 (Complaint), 63 (Indictment), 125 (Order Denying Reconsideration of Pretrial Detention), 130 (Order Denying Motion to Suppress).)

*Disclosure of sensitive medical information*

Counts 5-7 allege identity theft in violation of 18 U.S.C. § 1028(a)(7). On March 13, 2020, Steinbart posted a video to his YouTube channel claiming he hacked "famous peoples' medical records." The video contained a cell phone recording of him at a computer terminal accessing the "Patient Archive" at a California medical facility and exhibiting patient records. The facility learned of the video and asked him to remove the sensitive content from YouTube. Steinbart refused. In response to complaints, FBI agents visited Steinbart at his Chandler home on March 19, 2020. The FBI asked Steinbart to remove the videos and he again refused.

*Threats to "blockade" a file storage business*

Counts 1-3 allege wire fraud in violation of 18 U.S.C. § 1343 and Count 4 alleges interstate communications with intent to extort in violation of 18 U.S.C. § 875(d). On March 21, 2020, Steinbart posted another video to his YouTube channel, this time threatening to destroy the operations of a Connecticut-based file storage and file sharing company. The company received a complaint that Steinbart posted sensitive third-party information to a public folder in violation of the terms of service; when Steinbart failed to respond to their inquiry, the company suspended his account. Steinbart retaliated by directing his YouTube subscribers to flood the company's tech support line with fictitious emails and phone calls in an attempt to "chok[e] off more and more their ability to operate their business every day until they either give us our files back or go out of business, their choice." As a result, the company received thousands of fictitious emails and support requests, briefly disrupting its ability to serve its legitimate customers and costing it thousands of dollars. Steinbart also threatened via Twitter to "send some PSYCHOS" to

visit the company's CEO in person if he didn't get his account reinstated.

*Arrest date, pretrial release violations, and credit for time served*

Steinbart was first arrested on March 31, 2020, based on a criminal complaint and arrest warrant alleging one count of extortion in violation of 18 U.S.C. § 1030(a)(7)(C). (CR 3 (Complaint); CR 14 (Arrest Warrant).) He was released on conditions on April 3, 2020, but after several pretrial release violations his release was revoked and he has been in custody since September 1, 2020. (CR 57, 61.) Steinbart will have approximately 198 days of credit for time served on March 8, 2021.

## II. Sentencing Calculations

The United States anticipates that Steinbart will have an adjusted offense level of 7 based on a guilty plea to Count 4 of the Indictment, interstate communications with intent to extort in violation of 18 U.S.C. § 875(d):

Count 4, Interstate Communications with Intent to Extort

| | | |
|---|---|---|
| U.S.S.G. § 2B3.3 | Base Offense Level: | 9 |
| U.S.S.G. § 3E1.1(a) | Acceptance of Responsibility: | -2 |
| | Total Adjusted Offense Level: | 7 |

The United States also anticipates—based on the discovery and the pretrial services report—that Steinbart has no prior criminal convictions and would be in criminal history category I. This would result in an advisory range of 0-6 months of imprisonment.

If Steinbart were to instead plead guilty to one of the wire fraud or identity theft counts, his advisory sentencing range would probably be similar:[1]

---

[1] If Steinbart were convicted of all counts at trial, his sentencing range would be higher. He would not receive a reduction under U.S.S.G. § 3E1.1, plus he would have two separate count groups resulting in a total offense level of 11 under U.S.S.G. § 3D1.4. It's also possible the wire fraud sentencing range would be increased due to a loss amount adjustment, and the sentencing range for extortion would be higher if calculated under U.S.S.G. § 2B3.2 (extortion by threat of injury). *See, e.g.,* U.S.S.G. § 2B3.2 cmt. 2 ("This guideline applies if there was any threat, express or implied, that reasonably could be interpreted as one to injure a person or physically damage property, or any comparably serious threat, such as to drive an enterprise out of business."); *United States v. Douglas*, 634 F.3d 852, 861-63 (6th Cir. 2011) (discussing applicability of § 2B3.2 versus 2B3.3 based on severity of threat to victim company); *United States v. Tobin*, 155 F.3d 636, 643-44 (3d Cir. 1998) ("in determining whether § 2B3.2 should be applied, the focus is on the economic effect on the particular victim").

Counts 1-3, Wire Fraud

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a) | Base Offense Level: | 7 |
| U.S.S.G. § 2B1.1(b)(9) | Misrepresentation of Gov't Agency | +2 |

Counts 5-7, Identity Theft

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a) | Base Offense Level: | 6 |

## II.  Sentencing Recommendation

The United States requests that the Court accept the proposed plea agreement and sentence Defendant Austin Steinbart to time served, followed by one year of supervised release. Steinbart has no prior criminal history, and it appears he did not engage in the offense with a profit motive. *See* 18 U.S.C. § 3553(a)(1). Moreover, his crimes—while serious—were committed over a short time frame and through a small number of social media posts. *See* 18 U.S.C. § 3553(a)(2)(A). The file storage business Steinbart targeted experienced a significant increase of fraudulent email and phone activity for several days, but it effectively countered the activity to resume normal operations. And Steinbart's YouTube channel has since been deactivated,[2] so the need to protect the public from similar antics in the future is mitigated. *See* 18 U.S.C. § 3553(a)(2)(C).

A felony conviction and a sentence of time served—roughly six and a half months of custody—should serve to deter Steinbart and others from engaging in similar criminal conduct in the future. The plea agreement contemplates a payment of restitution to any victims, although at the time of this filing the United States does not anticipate a restitution request. *See* 18 U.S.C. § 3553(a)(7).

For all these reasons, the United States requests that the Court accept the plea agreement and sentence Defendant Austin Steinbart to time served.

//

//

---

[2] *See* www.youtube.com/channel/UC3SB8FR3144M3DKCZPBXcHg (last visited March 1, 2021).

Respectfully submitted this 1st day of March 2021.

>PAUL ANTHONY MARTIN
>Acting United States Attorney
>District of Arizona
>
>*s/ Raymond K Woo*
>*s/ James R Knapp*
>RAYMOND K. WOO
>JAMES R. KNAPP
>Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on today's date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System and caused a copy to be mailed to the following:

Austin Ryan Steinbart
#35841-508
Florence-AZ-Florence-CADC-6300
Central Arizona Detention Center
P.O. Box 6300
Florence, AZ 85132

*s/ James Knapp*