Austin Ryan Steinbart
Inmate Number# 35841508
Central Arizona Florence
Correctional Complex
P O Box 6300
Florence, AZ 85132

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America<br>    Plaintiff<br>vs.<br>Austin Ryan Steinbart<br>    Defendant | Case No.: CR-20-00485-PHX<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

DEFENDANT, Austin Ryan Steinbart, Pro Se, hereby submits this Sentencing Memorandum as referenced in the prior notice to this Court *(Doc. 140)*. Mr. Steinbart pled guilty to Count 4, Interstate Communications with the Intent to Extort, in violation of 18 U.S.C. §§ 875(d), a Class E felony offense (see Doc. 136). The Plea Agreement stipulates that Mr. Steinbart shall be sentenced to time-served. Sentencing is scheduled before this Court on April 5, 2021(Min Ent. 141). Mr. Steinbart requests that this Court consider the unique character, background and circumstances presented in this case and he requests that Court sentence him to time served (225 days), followed by one year of Supervised Probation, under the same release conditions that he was under his Supervised Pre-Trial release, as of June 26, 2020.

**I. Legal Basis**

Pursuant to 18 U.S.C. §3553(a) (2), requires a sentencing court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the four purposes of federal sentencing. Those four purposes, set forth in § 3553(a)(2), are the need for the sentence imposed to accomplish the following: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a) (2); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008). "These four considerations -- retribution, deterrence, incapacitation, and rehabilitation -- are the four purposes of sentencing generally, and a court must fashion a sentence 'to achieve the [se] purposes… to the extent that they are applicable' in a given case. *Tapia v. United States*, 131564 U.S. 319, 326, 131 S. Ct. 2382, 2387 (2011) (quoting 18 U.S.C. § 3551(a)).

In addition, 18 U.S.C. § 3553(a) requires district courts to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553(a) (1)-(7).

In *United States v. Booker*,[1] the United States Supreme Court decided that the Constitution mandated that the Sentencing Guidelines are merely advisory. Subsequent decisions by the Supreme Court[2] have made it clear that after calculating and considering the appropriate range

under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in 18 U.S.C. §3553 but outside the strictures of the Guidelines.

---

1 1 543 U.S. 220, 125 S.Ct. 738 (2005).
2 *See Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007); *Gall v. United States*, 552 U.S 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558 (2007).

## II. Facts

Mr. Steinbart agrees with the summation that has been presented in the Presentence Report by the Prosecution and presented to the Court. Upon review of the Presentence report draft provided by United States Probation Officer Todd J. Barrett, Mr. Steinbart objects to some recommended conditions of Supervised Release that will be foisted upon him, that are far and above that of what the mandatory requirements of Supervised Release. He requests that this Court be moved to remove those items that are in excess of the mandatory conditions and ones that would cause great harm to the ability of Mr. Steinbart the ability to work and earn a living. This income will be necessary for him to meet his financial responsibilities to not only live, but also to the Court and for any potential restitution.

## III. Request for Reasonable Sentence

The Probation Department recommends that Mr.Steinbart be sentenced to time served and one year of supervised release, with numerous additional conditions of his release. The reasons noted for the recommendation are not because of Mr. Steinbart's criminal history or concern that he is a high flight risk, or a danger to his community. They are also not because he caused grave harm or injury to another person. However, they are overly intrusive, broad and exceed what would be necessary to supervise Mr. Steinbart.

Mr. Steinbart has no prior criminal history. His prior incarceration periods during Pre-Trial release were ruled to be unfounded by Magistrate Judge Debra Fine (Min. Ent. 49),

except for the violation on September 1, 2020. On that date, Mr. Steinbart advised his Pre-Trial services officer of what he had done prior to even being asked. During the hearing on September 8, 2020, Magistrate Judge Michelle Burns remanded Mr. Steinbart into custody pending trial, which is where he has been for the last 225 days. At that time, he had not yet been indicted due to exigent circumstances relating to the COVID-19 Pandemic. The various times that Mr. Steinbart was arrested during his Pre-Trial release for offenses ranged from four days to 225 days incarceration.

The concerns that Mr. Steinbart has with regards to the breadth of the recommended terms of Supervised Release are ones that would concern any citizen of this great nation. Mr. Steinbart has the right to life, liberty and the pursuit of happiness, even if he is on Supervised Probation and carries a felony. He also has great concern about the some of the recommended conditions making it impossible for him to work.

**IV.    Mr. Steinbart requests the Court NOT impose the following conditions of Supervised Release:**

1. Internet and Computer Monitoring- Mr. Steinbart objects to this proposed condition because:

    a. The language of the condition is overly broad and vague. When a device is connected to the internet this language suggests that it shall be monitored. This would include any device or terminal that has the capability to connect to the internet including, but not limited to:

        i. Point of Sale systems

        ii. Self-Check Out Registers

        iii. Any self service station

iv. ATM's

v. Computers and equipment involved at potential employers locations.

    b. Magistrate Judge Debra Fine ruled during a Pre-Trial hearing on June 26, 2020 (Doc 50), that the suggested conditions of computer and internet monitoring would create an undue burden on the probation officers and set an unreasonably high objective standard to meet given Mr. Steinbart's work in Media Production.

Due to this, Mr. Steinbart asks that this Court not impose this proposed condition for the reasons listed above. Additionally, Due to the overly broad and vague language in this condition, Mr. Steinbart requests that this Court remove this proposed condition as void for vagueness.

2. Phone Monitoring- Mr. Steinbart objects to this proposed condition because:

    a. While Mr. Steinbart understands that his probation will come with some mandatory conditions, the people and/or employers that he will be communicating with still have a right to their privacy.

    b. The monitoring condition exceeds that which was previously imposed during Mr. Steinbart's Pre-Trial release. On June 26, 2020, Judge Debra Fine lessened the restrictions that Mr. Steinbart had, thus allowing him access to the internet, social media and his phone(s). (Doc. 50 & Min. Ent. 49)

    c. The alleged crimes were all public statements, not private communications, thus the need for monitoring is not necessary. There are more stringent mandatory conditions already in place, such as that Mr. Steinbart must not commit any crimes, State or Federal, or he could have his probation revoked.

Mr. Steinbart requests that this Court strike this proposed condition for the reasons listed

above.

3. Number of Devices and E-Mail Accounts- Mr. Steinbart objects to the proposed condition limiting the number of devices and e-mail accounts that he may have access to because:

    a. On or about June 1, 2020, Mr. Steinbart was formally contracted by WanderWorks Film Company. During his hearing before Magistrate Judge Debra Fine, she was presented with the documentation of such contract as well as the scope of work that Mr. Steinbart would be doing for this company. A condition that restricts how many devices and how many e-mail accounts he may have would limit his ability to be effective at performing the job in which he was contracted to perform.

    b. This condition creates an undue burden not only to Probation Services, but to the work effort Mr. Steinbart is attempting to successfully complete for the multiple business ventures that he currently has and will have in the future upcoming year. This is because he has multiple e-mail accounts for different professional endeavors and for his personal life.

Mr. Steinbart requests that this Court strike this proposed condition for the reasons listed above and, to allow him the ability to work with as many devices as is needed to complete his job roles successfully.

4. Mental Health Evaluation- Mr. Steinbart objects to this proposed condition because:

    a. He has already undergone two (2) previous mental health evaluations since the time he was arrested on March 31, 2020. One was performed by a licensed medical professional of the Court's choosing, one was performed by a licensed

medical professional chosen by Mr. Steinbart.

    i. There is no evidence of any mental defects that warranted further evaluation.

    ii. Mr. Steinbart was also deemed competent to stand trial, and later competent enough to represent himself as a ProSe defendant. (Doc. 92)

Mr. Steinbart requests that this Court strike this proposed condition for the reasons listed above and, as he will seek his own medical treatment by his own practitioners, *if* the need arises.

5. Drug Treatment Counseling- Mr. Steinbart objects to this proposed condition because:
   a. He has no history of substance abuse.
   b. The case against him was computer related, not drug or alcohol related.
   c. The Pre-Trial release condition that was violated was the use of Mr. Steinbart's prescribed medicinal marijuana.
   d. At the time of the sentencing hearing, Mr. Steinbart will have been incarcerated for 225 days. This would infer that if there was a substance abuse issue, which there is not, Mr. Steinbart has gone seven and a half (7½) months without using any of his prescribed medications. This does not meet the merit of requiring "Substance Abuse Treatment Counseling".
   e. Mr. Steinbart is fully aware and takes no issue in the fact that he will be required to take and pass required drug tests.

Mr. Steinbart requests that this Court strike this proposed condition for all of the reasons listed above, as it is not warranted and is a waste of resources because he is not, nor has he ever been an addict or suffered any substance abuse issues.

6. Permission Based Access to Social Media- Mr. Steinbart objects to this proposed condition because:

    a. The language is vague.

    b. Social Media access is vital to the job he was contracted to do with WanderWorks Film Company, as well as the other business ventures he is engaged in.

    c. There are more stringent conditions within the Mandatory Conditions of Probation, such as he must not commit any crimes, State or Federal, or he may have his probation revoked.

    d. Social media is all public and he is well aware that he will need to use social media responsibly, as he did when previously allowed by Judge Debra Fine on June 26, 2020 (Doc 50. Min. Ent. 49).

Mr. Steinbart requests that this Court strike this proposed condition for all of the reasons listed above and because there is already precedence set in this case that ruled that imposing such a condition would be too stringent and too much of a burden upon the Probation Services Office.

**V.   Conclusion**

In summation, sentencing Mr. Steinbart to time served with one year of supervised release is a suitable sentence, all parties agree on that. It also would serves as a deterrent to both Mr. Steinbart and others in his situation. More significantly, it will serve as just punishment for Mr. Steinbart in that will have been removed from society for a significant period of time and be supervised following his release. However, not imposing as part of that supervision the six (6) proposed conditions as listed above would allow Mr. Steinbart

to reintegrate into his life and society with a sense of humility and duty to continue to serve in others best interests. Mr. Steinbart respectfully submits this Sentencing Memorandum, and requests this Courts consideration in this regard.

Respectfully Submitted This First Day of April, 2021.

                               Austin Ryan Steinbart
                               Defendant
                               s/ *Austin Ryan Steinbart*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of April, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Raymond Woo

James Knapp

*Attorneys for Plaintiff*